IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

THERESA CATHERINE W.
PRYOR-KENDRICK                                                          PLAINTIFF

      v.                      Civil No. 06-5197

JUDGE DAVID CLINGER;
JAMES A. ROE; Public Defender;
CHASITY CLARK; Prosecuting Attorney;
and JUDGE DAVID SCAGGS                                                  DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, Theresa Pryor-Kendrick, filed this civil rights action on October 10, 2006. (Doc. 1). She proceeds pro se and in forma pauperis. The complaint is before the undersigned for a determination of whether it should be served on the defendants.

## BACKGROUND

Pryor-Kendrick contends her constitutional rights were violated by the defendants when she was wrongfully charged with a crime, was not brought to court within the proper time frame after her arrest, was charged with additional charges without the preparation of a new or updated warrant, was denied the right to see the alleged forged checks, was denied copies of requested documents, and was given an illegal sentence. Further, plaintiff alleges that she had no checks in her possession during the relevant time period, the signature on the checks does not match the signature affidavit, her last name had been changed to Kendrick at the time the checks were allegedly forged, and the checks were forged and stolen by another person.

Pryor-Kendrick alleges she is currently being held in the McPherson Unit in New Port, Arkansas. Pryor-Kendrick Hoyt seeks to have her charges dismissed and to be awarded punitive

damages for lost wages. She also seeks punitive damages for her two children who she alleges have suffered due to her false imprisonment.

## DISCUSSION

Pryor-Kendrick's claims against all defendants are subject to dismissal. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1913, 68 L. Ed. 2d 420 (1981) (overruled on other grounds). Generally, a public employee acts under color of state law while acting in his [or her] official capacity or while exercising his [or her] responsibilities pursuant to state law. *West v. Atkins,* 487 U.S. 42, 108 S.Ct. 2250, 2255-56, 101 L. Ed. 2d 40 (1988) (citations omitted). However, '[j]udges performing judicial functions enjoy absolute immunity from § 1983 liability." *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 356-57, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978).

Judicial immunity is overcome in two situations: (1) if the challenged act is non-judicial; and (2) if the action, although judicial in nature, was taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11. It is clear that neither situation applies here.

In the past, claims for declaratory and injunctive relief "have been permitted under 42 U.S.C. § 1983 against judges acting in their official capacity." *Nollet v. Justices of Trial Court of Com. of Mass.*, 83 F. Supp. 2d 204, 210 (D. Mass. 2000), *aff'd without op.,* 248 F.3d 1127 (1st Cir. 2000)(*citing Pulliam v. Allen,* 466 U.S. 522, 104 S. Ct. 1970, 80 L. Ed. 2d 565 (1984)).

AO72A
(Rev. 8/82)

"However, in 1996 Congress passed the Federal Courts Improvement Act ("FCIA"), Pub. L. No. 104-317, Title III § 309(c), 110 Stat. 3847, 3853, which legislatively reversed *Pulliam* in several important respects." *Nollet*, 85 F. Supp. 2d at 210. As amended by the FCIA, §1983 now precludes injunctive relief against a judicial officer "for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

Pryor-Kendrick does not allege that either of these prerequisites for injunctive relief are met. *See e.g., Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999)(holding injunctive relief against a quasi-judicial official is barred if the plaintiff fails to allege a violation of a declaratory decree or the unavailability of declaratory relief); *Fox v. Lee*, 99 F. Supp. 2d 573, 575-576 (E.D. Pa. 2000)(claim for injunctive relief dismissed where plaintiff's complaint fails to allege that either of the prerequisites to injunctive relief were met); *Ackermann v. Doyle*, 43 F. Supp. 2d 265, 273 (E.D. N.Y. 1999)(dismissing action against judicial officers because plaintiff failed to allege that a declaratory decree was violated or the declaratory relief was unavailable). Thus, to the extent Pryor-Kendrick seeks injunctive relief his claims are subject to dismissal.

To be entitled to equitable relief, "plaintiff must show that [s]he has an inadequate remedy at law and a serious risk of irreparable harm." *Mullis v. U.S. Bankruptcy Court for Dist. of Nevada*, 828 F.2d 1385, 1392 (9th Cir. 1987)(citations omitted). Equitable relief is not appropriate where an adequate remedy under state law exists. *Pulliam,* 466 U.S. at 542 & n. 22, 104 S. Ct. at 1981 & n. 22. *See also Sterling v. Calvin*, 874 F.2d 571, 572 (8th Cir. 1989). An adequate remedy at law exists when the acts of the judicial officer can be reviewed on appeal or by extraordinary writ. *Mullis*, 828 F.2d at 1392 (citation omitted). *See also Nelson v. Com*, 1997

3

WL 793060, 2 (E.D. Pa. 1997)(appellate review of conviction provides plaintiff an adequate remedy under state law). *See also J&M Mobile Homes, Inc. v. Hampton*, 347 Ark. 126, 60 S.W.3d 481 (2001)(discussing when a writ of prohibition is appropriate). As this is clearly the case in this matter, Pryor-Kendrick's claims against Judges David Clinger and David Skaggs are barred.

Pryor-Kendricks' claims against Chasity Clark, a prosecuting attorney, are also barred. Prosecuting attorneys are also immune from suit. The United States Supreme Court, in *Imbler v. Pachtman*, 424 U.S. 409, 431, 96 S. Ct. 984, 995, 47 L. Ed. 2d 128 (1976), established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case." *Id.*, 424 U.S. at 427. This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." *Id.*, 424 U.S. at 430. *See also Buckley v. Fitzsimmons*, 509 U.S. 259, 113 S. Ct. 2606, 2615, 125 L. Ed. 2d 209 (1993)(Prosecutor acting as an advocate for the state in a criminal prosecution is entitled to absolute immunity while a prosecutor acting in an investigatory or administrative capacity is only entitled to qualified immunity). Based on the allegations of the complaint, it is clear Clark is entitled to absolute immunity. *See also Brodnicki v. City of Omaha*, 75 F.3d 1261 (8th Cir. 1996)(County prosecutors were entitled to absolute immunity from suit).

To the extent Pryor-Kendrick's complaint seeks injunctive relief, we find the claim not cognizable. While the Supreme Court has not held that this immunity insulates prosecutors from declaratory or injunctive relief, *see Pulliam v. Allen*, 466 U.S. 522, 104 S. Ct. 1970, 80 L. Ed. 2d 565 (1984), a plaintiff must show some substantial likelihood that the past conduct alleged to be illegal will recur. Pryor-Kendrick can make no such showing here. Further, injunctive

4

relief is not appropriate where an adequate remedy under state law exists. *Id.*, 466 U.S. at 542 & n.22. *See also Bonner v. Circuit Court of St. Louis,* 526 F.2d 1331, 1336 (8th Cir. 1975).

To the extent Pryor-Kendrick intends to bring a malicious prosecution claim, the claim fails. It has been "uniformly held that malicious prosecution by itself is not punishable under § 1983 because it does not allege a constitutional injury." *Kurtz v. City of Shrewsbury*, 245 F.3d 753, 758 (8th Cir. 2001). Similarly, a cause of action for defamation is not cognizable under § 1983. *Loftin v. United States*, 72 F.3d 133 (8th Cir. 1995); *Miner v. Brackney*, 719 F.2d 954, 955 (8th Cir. 1983).

In addition, Pryor-Kendrick's allegations against James Roe must also be dismissed. In *Polk County v. Dodson*, 454 U.S. 312, 325, 102 S.Ct. 445, 70 L. Ed. 2d 509 (1981), the United States Supreme Court held that a public defender does not act under color of state law for purpose of 42 U.S.C. § 1983 when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.

Finally, Pryor-Kendrick's claims that she has been falsely arrested, improperly charged, and falsely incarcerated are subject to dismissal. In *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), the Supreme Court held that a claim for damages for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. 486-87.

AO72A
(Rev. 8/82)

## **CONCLUSION**

I therefore recommend Pryor-Kendrick's case be dismissed on the grounds the claims are not cognizable under § 1983. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii)(IFP action, or any portion thereof, may be dismissed on such grounds at any time).

**Pryor-Kendrick has ten days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Pryor-Kendrick is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 9th day of November 2006.

/s/ Beverly Stites Jones
HON. BEVERLY STITES JONES
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)